anywhere that such advice induced appellant to make the statement.

In the case of Smith v. State, 91 Tex.Cr. 15, 237 S.W. 265, 267, we find a similar situation to the question presented in the instant case. In the Smith case the testimony showed that some one said to the party making the statement "that it would be better for her to tell; that the best thing was to tell all about it." The Court, in discussing this matter, said: "After the re-examination of the witness Graves appellant moved the court to withdraw the confession, on the ground that it was not voluntarily made, and was made in response to questions. Sheriff Allen was not interrogated on this point; neither did Eliza Smith make any issue that the statement had been induced by promises or threats. The fact that she may have been told that it would be better for her to tell it does not render the confession inadmissible. * * *" The opinion cites Thomas v. State, 35 Tex.Cr.R. 178, 32 S.W. 771; and Turner v. State, 41 Tex.Cr.R. 329, 54 S.W. 579. See also, Stewart v. State, 124 Tex.Cr.R. 632, 64 S.W.2d 782.

Finding no reversible error, the judgment of the trial court is affirmed.

poned to the date requested, hence they were deprived of opportunity of submitting oral argument, and had no brief on file when the case was submitted. Appellant's attorneys argued the case on rehearing and had their brief then before the Court, and we had the benefit of all authorities cited therein at the time the opinion on rehearing was prepared.

Believing the case has been properly decided, and nothing appearing in the requested second motion to change our views, leave to file same is denied.

HAWKINS, Presiding Judge.

Appellant requests leave to file second motion for rehearing, basing it upon the fact that his attorneys did not receive notice from the Clerk of this Court that their request for original submission had been post-